UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
MEL FUGATE,                                          :
                                                     :
                                      Plaintiff,       :
                                                     :
            -against-                              :   Civil Action No. 1:22-cv-10483 (LGS)
                                                     :
ANGELO J. KINICKI and                                :         [PROPOSED]
MCGRAW-HILL GLOBAL                                   :      PROTECTIVE ORDER
EDUCATION HOLDINGS, LLC,                             :
                                                     :
                                  Defendants.       :
------------------------------------------------------------

       The Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned action (the "Action"), it is therefore hereby:

       ORDERED that any person subject to this Order -- including without limitation the Parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon punishment of contempt:

       1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information provided in the course of discovery in this Action) that is designated as "Confidential" pursuant to the terms of this Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted under the terms of this Order.

       2.     The person producing Discovery Material may designate as Confidential such portion of that material consisting of:

a. previously non-publicly disclosed financial information (including without limitation financial statements, bank account, or other similar records, royalty rates, minimum guarantee payments, sales reports and sale margins);

b. previously non-publicly disclosed material relating to ownership or control of any non-public company;

c. previously non-publicly disclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any documents or information the disclosing party reasonably deems could be harmful to its business, operations, or reputation if disclosed for purposes other than this Action.

f. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts or other pretrial testimony, a producing person or that person's counsel may designate such as Confidential by: (i) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition

or testimony; or (ii) written notice, sent to all Parties within ten (10) business days of receipt of the rough or final transcript (whichever is received first) designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential shall be deemed Confidential. All depositions and other pretrial testimony will be deemed to be Confidential until the expiration of the 10th business day after counsel receive a copy of the rough or final transcript (whichever is received first), after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any deposition or other pretrial testimony, through agreement on the record at or after such deposition or testimony, without further order of the Court.

4. If at any time prior to the trial of this Action, a producing person realizes that some portions(s) of Discovery Material previously produced without limitation should be designated as Confidential, he or it may designate that portion as Confidential by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. During the pendency of this Action, any Party objecting to the designation of any Discovery Material as Confidential may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such a motion is pending, the Discovery Material in question shall be treated as Confidential. The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the party that designates such Discovery Material as Confidential.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. The Parties to this Action;

   b. Counsel retained specifically for this Action, including any paralegal, clerical and other assistant employed by such counsel;

   c. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form included herewith;

   e. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form included herewith;

   f. Stenographers engaged to transcribe depositions conducted in this Action; and

   g. The Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form included herewith stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to

opposing counsel upon request either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains the discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this Action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies

of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal as provided in Judge Schofield's Rule I.D.3, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the Action. Within 30 days of the final disposition of this Action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as Confidential.

So Ordered.

Dated: March 2, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

THIS ORDER ISSUED this ___ day of March 2023.

                                          BY THE COURT:

                                          _____

                                          The Honorable Lorna G. Schofield
                                          United States District Court Judge

APPROVED AND SUBMITTED ON MARCH 1, 2023:

| | |
|---|---|
| DAVIDWOLFLAW pllc | OSBORN MALEDON |
| */s/ David B. Wolf* | */s/ Colin M. Proksel* |
| David B. Wolf | Colin M. Proksel (*admitted pro hac vice*) |
| One Grand Central Place | 2929 N. Central Ave., Ste. 2000 |
| 60 East 42nd Street, Suite 4700 | Phoenix, AZ 85012 |
| New York, NY 10165 | Telephone: (602) 640-9000 |
| Telephone: (917) 678-2864 | Facsimile: (602) 640-9050 |
| Facsimile: (212) 485-9809 | Email: cproksel@omlaw.com |
| Email: david@davidwolflaw.com | |
| SHERMAN & HOWARD L.L.C. | KLEINBERG KAPLAN |
| */s/ Peter G. Koclanes* | */s/ Steven R. Popofsky* |
| Peter G. Koclanes | Steven R. Popofsky |
| Jon R. Tandler (*admitted pro hac vice*) | Alisa Benintendi |
| Nicholas M. DeWeese (*admitted pro hac vice*) | Kleinberg Kaplan Wolff Cohen, P.C. |
| 675 Fifteenth Street, Suite 2300 | 500 Fifth Avenue, Floor 38 |
| Denver, Colorado 80202 | New York, NY 10110 |
| Telephone: (303) 297-2900 | Telephone: (212) 986-6000 |
| Facsimile: (303) 298-0940 | Facsimile: (212) 986-8866 |
| Email: pkoclanes@shermanhoward.com | Email: spopofksy@kkwc.com |
|     jtandler@shermanhoward.com |     abenintendi@kkwc.com |
|     ndeweese@shermanhoward.com | |
| *ATTORNEYS FOR PLAINTIFF MEL FUGATE* | *ATTORNEYS FOR DEFENDANT ANGELO J. KINICKI* |
| | HOLLAND & KNIGHT LLP |
| | */s/ Sean C. Sheely* |
| | Sean C. Sheely |
| | 31 West 52nd Street |
| | New York, NY 10019 |
| | Telephone: (212) 513-3200 |
| | Facsimile: (212) 385-9010 |
| | Email: sean.sheely@hklaw.com |
| | *ATTORNEYS FOR DEFENDANT MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2023, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF System with service upon the following:

Sean C. Sheely, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
Email: sean.sheely@hklaw.com
*Counsel for Defendant McGraw-Hill Global Education Holdings, LLC*

Colin M. Proksel, Esq.
Osborn Maledon
2929 N. Central Ave., Ste. 2000
Phoenix, AZ 85012
Email: cproksel@omlaw.com
*Counsel for Defendant Angelo J. Kinicki*

Steven R. Popofsky, Esq.
Alisa Benintendi, Esq.
Kleinberg Kaplan
500 Fifth Avenue
New York, NY 10110
Email: spopofksy@kkwc.com; abenintendi@kkwc.com
*Counsel for Defendant Angelo J. Kinicki*

                                              */s/ Donna L. Fouts*
                                              Donna L. Fouts, Practice Assistant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| MEL FUGATE, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : Civil Action No. 1:22-cv-10483 (LGS) |
| | : |
| ANGELO J. KINICKI and | : NON-DISCLOSURE AGREEMENT |
| MCGRAW-HILL GLOBAL | : |
| EDUCATION HOLDINGS, LLC, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------

I, _____, acknowledge that I have read and understand the Protective Order, dated March \_\_\_, 2023, in this Action governing the non-disclosure of those portions of Discovery Material that have been designated by the Parties or third-parties are Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the Action I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Date: _____