May 19, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Mel Fugate v. Angelo J. Kinicki and McGraw-Hill Education Holdings, LLC, 22 Civ. 10483 (LGS) (SN) –**

            **Joint Letter Motion Requesting Stay of Discovery Proceedings During Pendency of Motions to Dismiss**

Dear Judge Schofield:

      Plaintiff Mel Fugate ("Fugate") and Defendant Angelo Kinicki ("Kinicki") and McGraw-Hill Education Holdings, LLC ("McGraw-Hill") (together, the "parties") jointly request that the Court stay discovery and other proceedings in this case (other than the completion of briefing on the Defendants' Motions to Dismiss) until the Court decides those Motions. As discussed below, the purpose of the requested stay is so that this case may proceed in an orderly fashion, preserve the resources of the parties, and for judicial economy.

      The parties certify that they have conferred regarding the relief requested by this Letter Motion, and having agreed, jointly submit it.

**A.    Status of the Motions to Dismiss, the Mediation by Magistrate Judge Netburn, and Discovery**

      *The Motions to Dismiss*: On April 28, 2023, Kinicki and McGraw-Hill each filed a Motion to Dismiss Fugate's Complaint. These Motions to Dismiss raise issues, among other things, concerning (1) whether Defendant Kinicki may be found liable for tortiously interfering with a contract to which he is a party, (2) the application of an integration clause in one of the parties' agreements to preclude the enforcement of another of the parties' alleged agreements, and (3) the ability of McGraw-Hill under one of the parties' agreements to take the action it did (the "Motions to Dismiss Issues"). On May 19, 2023, Fugate filed an opposition to the Motions to Dismiss. Defendants' replies are due on May 26, 2023.

      *The Mediation by Magistrate Judge Netburn:* On May 10, 2023, the parties and their counsel participated in a half-day mediation with Magistrate Judge Netburn. While the mediation was helpful, the parties were unable to resolve their dispute. Each of the parties expressed a desire to reach a settlement without further litigation. However, what became clear is that there will be no meaningful opportunity to resolve these matters by way of settlement until the Court decides the Motions to Dismiss Issues.

*Discovery*:  The parties are currently engaged in discovery.  On March 1, 2023, the parties served their initial disclosures.  On May 8, 2023, each of the parties served written responses to Requests for Production of Documents served by each of the parties on March 24, 2023.  To date, Fugate and Kincki have made document productions.  McGraw is in the process of completing its document review and anticipates that it will make its production in June 2023.

The Case Management Plan and Scheduling Order provides that all fact discovery is to be completed by June 22, 2023.  *See* Section 8(a).  However, to date, the parties' written discovery responses and corresponding document productions do not appear to be complete.  Counsels' conferral and Court intervention may be required to resolve written discovery disputes.  The parties likely may serve additional sets of written discovery.  The parties intend to take a number of depositions, as the parties have identified numerous potential witnesses who are likely to have discoverable information.  And, at least one of the parties, Dr. Kinicki, has indicated that he may file counterclaims against Dr. Fugate, which will require further discovery.  In short, the parties do not believe that the existing discovery schedule is workable and moving forward now with discovery when Dr. Kinicki has not yet filed his potential counterclaims likely will require the parties to take further discovery on claims that presently have not yet been filed.

**B.      Respectfully, the Circumstances Warrant a Stay of Discovery**

The parties respect Your Honor's Practice Standards which provide, in pertinent part, that "Absent extraordinary circumstances, the Court does not stay discovery or any other case management deadlines during the pendency of a motion to dismiss."  Here, however, the parties respectfully believe that such extraordinary circumstances exist here.

First, the parties believe that the Court's resolution of the Motions to Dismiss may facilitate settlement.

Second, proceeding with discovery now, before Dr. Kinicki's potential counterclaims are filed and known, as well as Dr. Fugate's defenses to them, likely will require further rounds of additional discovery directed at those claims and Dr. Fugate's defenses to those claims.  This likely will require the parties and certain non-parties to be re-deposed concerning issues raised by the counterclaims and defenses to them.

Third, since the entry of the Case Management Plan and Scheduling Order, it has become clear to the parties that current discovery schedule is not workable.  The parties anticipate that these further discovery proceedings, including in the short term and during the time in which the Motions to Dismiss are pending, will be significantly time consuming and financially costly for both sides, and will consume both the resources of the parties and of the Court.  Moreover, the parties are in agreement that such discovery cannot be completed under the current upcoming discovery deadlines in the case.

Wherefore, for these reasons, the parties jointly and respectfully request that the Court enter an Order:

    (a)    Staying all discovery and other proceedings in this case (other than the completion of briefing on the Defendants' Motions to Dismiss) until the Court enters its orders on Defendants' Motions to Dismiss;

(b) Directing that, within 14 days following entry of an Order on Defendants' Motions to Dismiss, the parties are to confer and submit to the Court a proposed schedule for the completion of discovery; and

(c) Providing all other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of May 2023.

DAVIDWOLFLAW pllc

/s/ David B. Wolf
David B. Wolf
One Grand Central Place
60 East 42nd Street, Suite 4700
New York, NY 10165
Telephone: (917) 678-2864
Facsimile: (212) 485-9809
Email: david@davidwolflaw.com

SHERMAN & HOWARD L.L.C.
Peter G. Koclanes
Jon R. Tandler (*admitted pro hac vice*)
Nicholas M. DeWeese (*admitted pro hac vice*)
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email: pkoclanes@shermanhoward.com
        jtandler@shermanhoward.com
        ndeweese@shermanhoward.com

*ATTORNEYS FOR PLAINTIFF MEL FUGATE*

HOLLAND & KNIGHT LLP

/s/ Sean C. Sheely
Sean C. Sheely
Stosh M. Silivos
31 West 52nd Street
New York, NY 10019
Email: sean.sheely@hklaw.com

*Counsel for Defendant McGraw-Hill Global Education Holdings, LLC*

---

Application DENIED. As explained in Individual Rule III.C.2, the Court does not stay discovery during the pendency of a motion to dismiss absent extraordinary circumstances. The parties have not presented extraordinary circumstances here. By **June 6, 2023**, Defendants shall file a letter stating the substance of any contemplated counterclaims. By **June 9, 2023**, Plaintiff shall file a response stating whether such counterclaims expand the scope of discovery beyond Plaintiff's claims, and on what issues, and whether Plaintiff seeks to expand the scope of discovery to include such issues. Defendants shall file a reply to Plaintiff's letter **June 13, 2023**.

So Ordered.

Dated: May 22, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3

OSBORN MALEDON

*/s/ Colin M. Proksel*
Colin M. Proksel
2929 N. Central Ave., Ste. 2000
Phoenix, AZ 85012
Email:  cproksel@omlaw.com

*Counsel for Defendant Angelo J. Kinicki*

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

*/s/ Steven R. Popofsky*
Steven R. Popofsky
Alisa Benintendi
500 Fifth Avenue
New York, NY 10110
Email:  spopofksy@kkwc.com
          abenintendi@kkwc.com

*Counsel for Defendant Angelo J. Kinicki*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2023, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF System with service upon the following:

Sean C. Sheely, Esq.
Stosh M. Silivos, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
Email: sean.sheely@hklaw.com
*Counsel for Defendant McGraw-Hill Global Education Holdings, LLC*

Colin M. Proksel, Esq.
Osborn Maledon
2929 N. Central Ave., 21st Floor
Phoenix, AZ 85012
Email: cproksel@omlaw.com
*Counsel for Defendant Angelo J. Kinicki*

Steven R. Popofsky, Esq.
Alisa Benintendi, Esq.
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
Email: spopofksy@kkwc.com; abenintendi@kkwc.com
*Counsel for Defendant Angelo J. Kinicki*

                                                                      */s/*_____
                                                                        Donna L. Fouts, Practice Assistant